Filed 12/1/21  P. v. Jones CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES JONES,<br><br>    Defendant and Appellant. | F079514<br><br>(Super. Ct. No. CF92463501)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Lisa A. Smittcamp, District Attorney, and Kelsey C. Peterson, Deputy District Attorney, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Detjen, J.

## INTRODUCTION

In 1993, a jury found petitioner Charles Jones guilty of first degree murder (Pen. Code,[1] § 187; count one), with the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)).[2] For this offense, petitioner was sentenced to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill No. 1437) and newly enacted section 1170.95. The trial court dismissed the petition on the ground that Senate Bill No. 1437 is unconstitutional.

On appeal, petitioner contends Senate Bill No. 1437 is constitutional and the trial court therefore erred in dismissing the petition. We agree. Accordingly, we reverse the order dismissing the petition and remand for further proceedings.

## PROCEDURAL BACKGROUND[3]

On June 25, 1992, the Fresno County District Attorney filed an information charging petitioner with the murder (§ 187; count one) and robbery (§§ 211, 212.5, former subd. (b); count two) of Abdo Ahmed Ali. As to both counts, the People alleged petitioner personally used a firearm within the meaning of section 12022.5, subdivision (a). Additionally, as to the murder, the People alleged a special circumstance that the murder was committed during the commission of a robbery. (§ 190.2, subd. (a)(17).)

On July 14, 1993, a jury found petitioner guilty on both counts, and found true the special circumstance that the murder was committed while petitioner was engaged in the commission of a robbery. However, the jury found both firearm enhancements not true.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Petitioner also was convicted of robbery (§§ 211, 212.5, former subd. (b)) as explained below.

[3]     The factual background underlying the offenses is not relevant to the legal issues raised on appeal and is therefore omitted.

On August 11, 1993, the trial court sentenced petitioner to a term of life without the possibility of parole on count one. Sentence on count two was imposed and stayed. (§ 654.)

On January 4, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

On March 8, 2019, the People filed an opposition to the petition, arguing that the jury's finding on the robbery-murder special circumstance rendered petitioner ineligible for resentencing. On the same date, the People filed a motion to dismiss the petition on the ground Senate Bill No. 1437 is unconstitutional because it (1) unconstitutionally amends Proposition 7 (Prop. 7, as approved by voters, Gen. Elec. (Nov. 7, 1978)), also known as the Briggs Initiative; (2) unconstitutionally amends Proposition 115 (Prop. 115, as approved by voters, Primary Elec. (June 5, 1990)); (3) violates the separation of powers doctrine; and (4) conflicts with the Victims' Bill of Rights Act of 2008, also known as Marsy's Law (Prop. 9, as approved by voters, Gen. Elec. (Nov. 4, 2008)).

On May 6, 2019, the court appointed counsel to represent petitioner. On May 13, 2019, petitioner, through counsel, filed a reply to the People's opposition, arguing Senate Bill No. 1437 is constitutional. On May 28, 2019, the People filed a supplemental brief regarding the constitutionality of Senate Bill No. 1437.

The matter was argued on June 14, 2019, and taken under submission. On June 19, 2019, the trial court granted the People's motion to dismiss. In so doing, the

court held that Senate Bill No. 1437 unlawfully amends Propositions 7 and 115 but does not violate the separation of powers doctrine or conflict with Marsy's Law.

This timely appeal followed.

## DISCUSSION

**I.      Senate Bill No. 1437 and Section 1170.95**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

---

[4]      Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

4.

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[5] (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief.

---

[5] The Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021-2022 Reg. Sess.).) The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis. We quote from the version of section 1170.95 presently in effect.

(§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970-971.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts.  (§ 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.'  (§ 1170.95, subd. (d)(3).)  'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.'  (*Ibid.*)"  (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

## II.    Analysis

The trial court determined Senate Bill No. 1437 is unconstitutional because it improperly amends Proposition 7 and Proposition 115.  As we explain, the court erred.

Our Supreme Court has not addressed the constitutionality of Senate Bill No. 1437.  This court, however, has considered and rejected arguments similar to those advanced here.  (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053.)[6]  In so doing, we joined our colleagues in other Courts of Appeal who have unanimously upheld the constitutionality of Senate Bill No. 1437 and rejected some or all of the same claims.  (See, e.g., *People v. Wilkins* (2021) 68 Cal.App.5th 153, 157, 163-166 [Props. 7, 115]; *People v. Marquez* (2020) 56 Cal.App.5th 40, 44, 47-51 [Prop. 9, separation of powers]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559-565 [Props. 7, 9, 115]; *People*

---

[6]    In *Nash*, one justice dissented from the majority's conclusion with regard to Proposition 7, but otherwise concurred.  (*People v. Nash*, *supra*, 52 Cal.App.5th at p. 1084 (conc. & dis. opn. of Poochigian, A. P. J.).)

*v. Superior Court (Ferraro)* (2020) 51 Cal.App.5th 896, 902 [Props. 7, 115]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Props. 7, 115, separation of powers]; *People v. Johns* (2020) 50 Cal.App.5th 46, 54-55 [Props. 7, 9, 115, separation of powers]; *People v. Prado* (2020) 49 Cal.App.5th 480, 492 [Props. 7, 115]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92 [Prop. 7], review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [Props. 7, 115]; *People v. Solis* (2020) 46 Cal.App.5th 762, 784 [same]; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747 [same]; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275, 289 [same]; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 [Props. 7, 9, 115, separation of powers].)

*Nash* and the foregoing opinions are persuasive, and we find no reason to depart from their analyses or conclusions. Nor, in light of *Nash*'s detailed reasoning and explanations, is it necessary for us to repeat that decision's cogent analysis. Senate Bill No. 1437 is constitutionally sound. The trial court erred by concluding otherwise.

Because the trial court dismissed the petition, it did not address whether petitioner has made a prima facie showing of eligibility for relief. (§ 1170.95, subd. (c).) We decline to address this issue and instead remand for the trial court to do so in the first instance. We express no opinion on the merits of the petition.

## DISPOSITION

The trial court's order denying petitioner's section 1170.95 petition is reversed and the matter is remanded for further proceedings.